IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN  DISTRICT OF TEXAS
DALLAS  DIVISION

LINDA HACK                                                 )
                                                                   )
V.                                                                )            3-04-CV-2752-K
                                                                   )
DEPARTMENT OF HOUSING AND          )
URBAN DEVELOPMENT, ET AL            )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of  the District Court in

implementation thereof, the subject cause has previously been referred to the United States

Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as

evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:   Plaintiff brings this case alleging violations of the Americans with Disabilities

Act ("ADA"), the Fair Housing Act ("FHA"), the Civil Rights Act ("CRA"), the Texas Property

Code, the Texas Deceptive Trade Practices Act ("DTPA"), libel, perjury, and fraud.  No filing fee

was paid, but Ms. Hack filed a motion to proceed in forma pauperis contemporaneously with her

complaint.

Parties: Plaintiff is a resident of Texas who was eligible for Section 8 housing during all

times at issue int his suit.  Defendant Department of Housing and Urban Development ("HUD") is

a federal agency; Defendant Fort Worth HUD Office is a local office of HUD; Defendant Fort Worth

Office of Fair Housing and Equal Opportunity ("FEHO") is a local office of HUD; Defendant Dallas

County Commissioner's Court ("DCCC") is the judicial branch of Dallas County; Defendant Texas

Department of Health and Human Services[1] ("HHS") is an agency of the Texas state government with a local branch in Dallas, Defendant Gordan Duncan is a real estate agent, Defendants Eric and Evelyn Cotton are the owners of an apartment complex in which Plaintiff resided from January 2002 until January 2003, Defendants Patsy Weaver, Paul Jansin et ux, Nancy Bourlier, and Ron Williams were Plaintiff's neighbors during some period between January 2002 and January 2003, Defendant Lakewood Gardens Apartments is an apartment complex at which Plaintiff resided from January 2003 until September 15, 2003, and Defendant Marta Doe was the office manager for Lakewood Gardens Apartments from January 2003 until August 2003.  Plaintiff also includes as unnamed defendants a home locating service which she utilized sometime prior to January 2003, a mover which she utilized sometime in January 2003, and the owner of Lakewood Gardens Apartments.

The court has not issued process in this case.  However, on May 10, 2005, the magistrate judge issued a questionnaire to Plaintiff.  As of the date of this recommendation, she has not responded to the questionnaire.[2]

Findings and Conclusions: The complaint submitted by Ms. Hack consists of 11 pages single-spaced in which she identifies 15 individuals and entities as defendants.  As noted above she alleges claims predicated on federal statutes as well as claims predicated on Texas state law.

A federal court is required to liberally construe the pleadings of a pro se plaintiff.  On the other hand, when a plaintiff seeks to proceed without payment of the required filing fee, a court is

---

[1]Currently being consolidated into Texas Health and Human Services.  See H.B. 2292 Transition Plan available at http://www.hhs.state.tx.us/consolidation/HB_2292/110303_ HB2292TP.shtml#one.

[2]Instead of answering the interrogatories Plaintiff transmitted by facsimile copy to the chambers of the magistrate judge a "Motion to Quash" on June 22, 2005.

authorized to determine if the claims asserted are actionable, and may dismiss a case if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Because of the large number of defendants named in the complaint, the sweeping nature of the allegations made both spatially and temporally, the fact that the complaint fails to identify whether liability against each of the name defendants is predicated on federal or local law, or both, the magistrate judge issued a questionnaire to Plaintiff on May 10, 2005.  Although the questionnaire is unquestionably lengthy, such is a function of the length and breadth of the claims asserted in the complaint.

The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a pro se complaint. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999)(reaffirming use of questionnaire as useful and proper means for court to develop factual basis of pro se plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir.1994)(same); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir.1976)(same). As of the date of this recommendation, Plaintiff has failed timely to respond to the questionnaire.

Fed. R. Civ. P. 41(b) allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386(1962)).

Because Plaintiff has been given ample opportunity to submit her answers to the questionnaire, but has failed or refused to do so[3], Plaintiff's claims against all parties should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons it is recommended that  Plaintiff's claims against Defendants be dismissed for want of prosecution pursuant to Fed.  R.  Civ.  P.  41(b).

A copy of this recommendation shall be transmitted to Plaintiff.

Signed this 22nd day of June, 2005

_Wm.F. Sanderson,Jr._

_____

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

_____

[3]Ms. Hack's faxed Motion to Quash, see n. 1, supra, appears to relate difficulties with her prior Section 8 status as a renter.  It does not address the specific questions set out in the magistrate judge's questionnaire, and therefore does not comply with the directives sent out in the previously issued questionnaire, even if it be assumed arguendo that her Motion to Quash is properly before the court.