IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA HACK,        )<br>            Plaintiff,        )<br>                                )<br>v.                                ) <br>                                )<br>DEPARTMENT OF HOUSING AND )<br>URBAN DEVELOPMENT, et al.,   )<br>            Defendants.      ) | No.  3:04-CV-2752-K |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of reference filed on July 31, 2006, this *pro se* action was re-referred to the undersigned Magistrate Judge following a remand by the Fifth Circuit Court of Appeals.  The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil action alleging violations of the Americans with Disability Act ("ADA"), the Fair Housing Act ("FHA"), the Civil Rights Act ("CRA), the Texas Property Code, the Texas Deceptive Trade Practices Act ("DTPA"), libel, perjury and fraud.

Parties:  Plaintiff is presently a resident of Dallas, Texas.  During the times at issue in this suit, she was eligible for Section 8 housing.

Defendants are the Department of Housing and Urban Development (HUD); the Fort Worth HUD Office; the Fort Worth Office of Fair Housing and Equal Opportunity; the Dallas County Commissioners Court; the Texas Department of Health and Human Services (HHS); Real Estate Agent Gordon Duncan; Erik and Evelyn Cotton, owners of an apartment complex where Plaintiff

resided from January 2002 until January 2003; Neighbors Patsy Weaver, Paul Jasin, Nancy Bourlier, and Ron Williams; Lakewood Garden Apartments, where Plaintiff resided from January until September 15, 2003; and Marta Doe, Office Manager of Lakewood Garden Apartments. Plaintiff also includes as unnamed defendants a home locating service, which she used sometime prior to January 2003; a mover, which she utilized in January 2003; and the owners of Lakewood Garden Apartments.

The Court has not issued process in this case, pending preliminary screening.

Procedural History: On June 22, 2005, the Magistrate Judge recommended that this action be dismissed for want of prosecution because Plaintiff had failed to respond to the Magistrate Judge's Questionnaire filed on May 10, 2005. Contemporaneously with the filing of the above recommendation, Plaintiff submitted a pleading styled as "Motion to Quash," asserting that she did not have the necessary documents to present her case and that she needed the assistance of counsel to answer the questionnaire. She also provided a "summary" of her claim and asked the Court to accept the "summary as her response to the court's questionnaire, and quash the excessive details requested in the same." The Clerk docketed this pleading as both a motion to quash and answers to the questionnaire. (See Docket # 7 and #8).

On July 1, 2005, Plaintiff filed a motion seeking reconsideration of the Magistrate Judge's Findings, Conclusions and Recommendation, and requesting the Court to address her pending motions to proceed to proceed *in forma pauperis*, to appoint counsel, and to quash the questionnaire. On July 11, 2005, the District Court accepted the recommendation and entered a judgment dismissing the case for want of prosecution. The Fifth Circuit subsequently vacated the judgment and remanded the case for further proceeding, primarily due to the magistrate judge's oversight in

2

failing to state that Plaintiff's complaint should be dismissed <u>without prejudice</u> and in failing to warn her of the consequences if she failed to answer the magistrate judge's questionnaire.

On August 21, 2006, following the re-referral of this action, the Magistrate Judge filed an order granting Plaintiff's motion to proceed *in forma pauperis*, but denying without prejudice her motions for the appointment of counsel and to quash the questionnaire, and advising her that the magistrate judge's questionnaire would be re-issued.  The Order noted that Plaintiff's motion to quash, which arguably summarized her claims, failed to provide the information sought in the questionnaire to determine whether this Court has jurisdiction over the individual claims asserted in her complaint.  The Order further noted that, while the questionnaire was very lengthy, its length was a function of the number of persons and entities which Plaintiff sought to sue – fifteen – and the time frames involved, as well as alleging both federal and state causes of action..

The Amended Questionnaire, filed on August 21, 2006, notified Plaintiff in bold letters that "[f]ailure to file answers to the Questions may result in the dismissal of the action for failure to prosecute."  (Docket #24).

As of the date of this recommendation, Plaintiff has neither submitted her answers to the Magistrate Judge's Amended Questionnaire nor sought an extension of time to do so.

<u>Findings and Conclusions</u>:  The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under former § 1915(d) is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming

use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

28 U.S.C. § 1915 operates as a balancing mechanism to insure on the one hand that relief in a federal court to an aggrieved person is not foreclosed merely because the person is unable to pay the filing fee, § 1915(a)(1), while on the other hand insuring that court resources are not needlessly expended and that named defendants are not required to incur expenses and hire counsel to respond to a complaint when the claims asserted fail to allege cognizable causes of action or are otherwise barred.  See § 1915(e)(2)(B)(i) and (ii).

As noted above, the Fifth Circuit has approved the use of questionnaires to enable a court to discharge its screening function when a pro se plaintiff is proceeding *in forma pauerpis*.

In the court's order filed on August 21, 2006, the magistrate judge noted two deficiencies set out in the Fifth Circuit's remand of the case, i.e. the court's dismissal of Plaintiff's complaint with prejudice without further explanation and the magistrate judge's failure to warn Plaintiff of the consequences were she to fail to answer the former questionnaire issued on May 10, 2005.  In both the August 21, 2006, order as well as the questionnaire reissued on the same date, Plaintiff was placed on notice that her failure to answer the amended questionnaire could result in dismissal of her complaint.  Nonetheless, as noted above, Plaintiff has not answered the questionnaire.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v.*

*Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Because Plaintiff has been given ample opportunity to submit her answers to the Amended Questionnaire, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiffs.

Signed this 13th day of October, 2006.

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.